**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4923

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARRY LEE GOODWIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:17-cr-01070-JMC-1)

Submitted:  May 16, 2019                           Decided:  May 20, 2019

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Irmo, South Carolina, for Appellant.  Alyssa Leigh Richardson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry Lee Goodwin pled guilty to possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court designated Goodwin a career offender and sentenced him to 151 months' imprisonment, the bottom of the advisory Sentencing Guidelines range. Goodwin appealed. Goodwin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed an unreasonable sentence by failing to sua sponte impose a downward variant sentence. Goodwin was advised of his right to file a pro se supplemental brief, but he did not file one. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review Goodwin's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007). We first ensure that the court "committed no significant procedural error," such as improper calculation of the Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Goodwin bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

2

Our review of the record convinces us that Goodwin's sentence is reasonable. The court properly calculated the applicable advisory Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, grounded in § 3553(a) factors. When the court overruled Goodwin's objection to his career offender designation, defense counsel requested a sentence at the low end of the advisory Guidelines range and that is precisely the sentence the district court imposed. Goodwin fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Goodwin, in writing, of the right to petition the Supreme Court of the United States for further review. If Goodwin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goodwin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3